IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD LEE FUGETT,**

        **Petitioner,**

   vs.                                       **Civil Action 2:15-cv-2604**
                                                     **Judge Graham**
                                                     **Magistrate Judge King**

**WARDEN, NORTH CENTRAL**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On July 13, 2015, Petitioner, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Petition*, ECF 2. On July 14, 2015, Respondent was ordered to respond to the *Petition* within twenty-one days. *Order to Show Cause*, ECF 3. Respondent's request for an extension of time, until October 2, 2015, was thereafter granted. *Order*, ECF 5. On October 1, 2015, respondent moved to dismiss the action or to transfer the *Petition* to the United States Court of Appeals as a successive petition. *Motion to Dismiss or Transfer Petition*, ECF 7. In response, Petitioner filed a motion arguing that, because Respondent has not addressed the merits of the *Petition*, Respondent has failed to comply with the Court's order to show cause. *Motion to Grant and Enforce the Writ of Habeas Corpus*, ECF 8. Petitioner therefore asks that the writ of habeas corpus be granted or, at a minimum, that Respondent be directed to address the merits of the *Petition*.

1

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has previously filed a number of petitions for a writ of habeas corpus. *Fugett v. Mack*, 2:99-cv-285; *Fugett v. London Correctional*, 2:01-cv-768; *Fugett v. Warden, North Central Correctional Institution*, 2:08-cv-483.[1] This Court therefore lacks the authority to consider the merits of Petitioner's most recent *Petition* unless and until the Sixth Circuit grants authorization to do so.

If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on

---

[1] Moreover, the United States Court of Appeals for the Sixth Circuit has denied leave to pursue a second or successive petition on more than one occasion. *In re: Donald Lee Fugett,* Case No. 01-4119 (6th Cir. May 15, 2002); *In re: Donald Lee Fugett*, Case No. 08-4523 (6th Cir. June 16, 2009).

collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

It is therefore **RECOMMENDED** that the *Motion to Dismiss or Transfer Petition*, ECF 7, be granted and that the *Petition* be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition within the meaning of 28 U.S.C. § 2244(b). It is **FURTHER RECOMMENDED** that Petitioner's *Motion to Grant and Enforce the Writ of Habeas Corpus*, ECF 8, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

3

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

October 14, 2015　　　　　　　　　　　*s/Norah McCann King*
 (Date)　　　　　　　　　　　　　　　Norah M<sup>c</sup>Cann King
　　　　　　　　　　　　　　United States Magistrate Judge